## Saddler *vs* Glover.

### ERROR TO THE GARRARD CIRCUIT.

### *Chancery.  Pleading.  Practice.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

CHANCERY.

*Case* 16.

*October* 24.

THE decree of the Circuit Court, dismissing the first bill on the merits, in obedience to the opinion and mandate of this Court, as reported in *5th Dana*, must be deemed an effectual bar to the bill afterwards filed for the same purpose as the first, and between the same parties. The plea relying on this bar, is in proper form and of sufficient substance and was not waived by the answer filed simultaneously, the practice here being, in this respect, unlike that of England, especially since the enactment of the Statute of 1812, on the subject of pleading, which our courts of equity have adopted by analogy. Nor can the omission to verify the plea (if any affidavit in such a case should be deemed necessary,) be objected to in this Court, as no objection on that ground was made in the Court below, where an issue was made up by a replication, and was decided by the Court.

Defendant may simultaneously plead in bar and answer, in analogy to the statutory regulation allowing defendants a plurality of pleas at law, and the plea is not waived.

Objection that the plea was not verified by affidavit, cannot be first made in this Court.

The decision in the first case, as reported in *Dana*, was final and conclusive on the merits, and therefore, another bill for the same relief sought in that case cannot be maintained merely on the ground that this last bill supplies the defects in the first.

Wherefore, hard and anomalous as we feel the case to be throughout, we cannot now, judicially, relieve the suffering party from the oppressive and obviously unjust

consequences of his own negligence, or the negligence or unskilfulness of his counsel in the insufficient preparation of his first case before a final and conclusive disposition of it on the merits.

Should he finally fail to obtain the relief now sought, whether he can ever have any prospect of indemnity from the sheriff or otherwise, must depend on events not now cognizable by this Court.

A decree dismissing a bill absolutely, when the proper parties were not before the court, is erroneous.

But, as the case now appears, the Circuit Court did not err in adjudging the plea to be good: yet nevertheless, as according to the case of *Miles et al.* vs *Rankin et al.* 6 *Monroe,* 78, *Elijah Saddler,* the principal in the forthcoming bond sought to be enjoined, was an indispensable party, and he was not brought before the Court; we are of the opinion that the bill being, as we consider it to be, good on demurrer, the Circuit Court acted prematurely in dismissing it absolutely.

Wherefore the decree, on this ground only, is reversed and the cause remanded with instructions to allow further and reasonable time to bring Elijah Saddler before the Court.

*Bradley* for plaintiff: *Turner* for defendant.

